443 So.2d 223 (1983)
James A. VALDES, Appellant,
v.
STATE of Florida, Appellee.
No. AQ-22.
District Court of Appeal of Florida, First District.
December 14, 1983.
Rehearing Denied January 5, 1984.
Michael Allen, Public Defender, Gwendolyn Spivey, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Valdes was convicted for unarmed robbery and for threatening to throw, place, or discharge a destructive device in violation of Section 790.162, Florida Statutes (1981). Two of the points which he raises on appeal were raised and found to be without merit in Valdes v. State, 443 So.2d 221 (Fla. 1st DCA 1983). Likewise, we find no merit in the additional points raised here and we affirm.
Betty Jean Plaster was a teller at the walkup window of the Barnett Bank on Adams and Laura Streets in Jacksonville when a man approached the window and placed a note and a brown paper bag in her drawer. He indicated that the bag contained a bomb and demanded cash in denominations of one hundred, fifty, and twenty dollar bills. Plaster complied, and the man fled with $9,750. Later, it was discovered that the bag contained only a styrofoam cup. Fingerprint experts were able to identify a fingerprint found on the cup as one belonging to the defendant, James Valdes. He was arrested and charged with unarmed robbery and with violating Section 790.162, Florida Statutes (1981).
When the case came to trial, the trial court swore in the jurors one by one as *224 they were selected rather than waiting until the end of the entire selection process. Valdes moved to strike the panel after all the jurors had been sworn because he had not been able to use all of his peremptory challenges, but that motion was denied.
Pursuant to Section 90.404(2)(a), Florida Statutes (1981), Peggy Burroughs, the teller in Case No. AP-226, identified Valdes as the man who had attempted to rob her. Valdes has a gold tooth with an impression of a Playboy bunny in the center of it, but Burroughs testified that she did not notice a gold tooth at the time of the incident.
At the close of the State's case, Valdes' attorney indicated her intention to have Valdes stand in front of the jury to show his gold tooth but to elicit no other defense testimony. However, the trial court agreed with the prosecution that should he do so the State would be allowed to cross-examine and possibly impeach him. Faced with this decision by the trial court, Valdes then rested.
During final defense argument, Valdes' attorney referred to the fact that Burroughs did not notice Valdes' gold tooth, saying, "Ladies and gentlemen, you can see for yourself that Mr. Valdes had a gold tooth." After objection by the State, the trial court instructed the jury to disregard the defense attorney's remarks concerning the gold tooth.
Valdes was convicted on both counts of the information. On the unarmed robbery charge, he was sentenced as an habitual felony offender to the enhanced maximum sentence of 30 years. On the charge of threatening to throw, place, or discharge a destructive device, he was also sentenced as an habitual felony offender to the enhanced maximum sentence of 30 years. These sentences were to run consecutively. Pursuant to Section 947.16(3), Florida Statutes (1981), the trial court retained jurisdiction over the unarmed robbery sentence for a period of ten years.
Valdes first contends that by swearing in the jurors one by one the trial court denied his right to back-strike prospective jurors. We do not agree. A defendant may challenge an individual juror at any time before the juror is sworn. Walden v. State, 319 So.2d 51 (Fla. 1st DCA 1975); Rule 3.310, Florida Rules of Criminal Procedure. However, these jurors were sworn before Valdes attempted to exercise his challenges. After a juror is sworn, a defendant no longer has a right to challenge that juror. Grant v. State, 429 So.2d 758 (Fla. 4th DCA 1983).
It is also contended that the trial court erred in ruling that Valdes' exhibition of his gold tooth to the jury was "testimony" subject to cross-examination and in instructing the jury to disregard the defense attorney's remarks concerning Valdes' gold tooth. That contention is also without merit. Unquestionably, the act of exhibiting the tooth to the jury would not be "testimony" within the meaning of the Fifth Amendment. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Thus, he could be compelled to perform such an act. However, by so doing, Valdes would obviously be "testifying" by seeking to discredit Burroughs' testimony. The trial court was correct in ruling that such testimony, like any other, would be subject to cross examination and impeachment.
Nor was it error to instruct the jury to disregard the defense attorney's remarks. Burroughs testified that she did not notice a gold tooth. There was no testimony whether Valdes did or did not in fact have the gold tooth on the day of the incident in Case No. AP-226.
Finally, Valdes contends that the trial court erred in sentencing him as an habitual felony offender on the unarmed robbery conviction while simultaneously retaining jurisdiction over the first one-third of that sentence. We find no merit in that contention. Pursuant to Section 947.16(3), Florida Statutes (1981), the trial court may retain jurisdiction over the first one-third of "the maximum sentence imposed." We believe that the legislature intended for the trial court to have such authority regardless *225 of the fact that the normal maximum sentence for a particular crime may have been enhanced pursuant to Section 775.084, Florida Statutes (1981).
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.