917 So.2d 176 (2005)
In re AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE (TWO YEAR CYCLE).
No. SC05-179.
Supreme Court of Florida.
December 15, 2005.
Adrienne Frischberg Promoff, Chair, Civil Procedure Rules Committee, Miami, FL, Robert N. Clarke, Jr., of Ausley and McMullen, P.A., Past-Chair, Civil Procedure Rules Committee, Tallahassee, FL, John F. Harkness, Jr., Executive Director and Madelon Horwich, Bar Staff Liaison, The Florida Bar, Tallahassee, FL, for Petitioner.
Honorable Ralph Artigliere, Circuit Judge, Tenth Judicial Circuit, Bartow, FL, for Opponent.
Henry P. Trawick, Jr., Sarasota, FL, William S. Dufoe of Holland and Knight, LLP, Lakeland, FL, Bruce J. Berman of McDermott, Will and Emery, LLP, Miami, FL, J. Brock McClane, Chairman, Legislation Committee of the International Law Section and Michael A. Tessitore, Chairman, International Litigation and Arbitration Committee of the International Law Section, Orlando, FL, filing comments.
PER CURIAM.
The Civil Procedure Rules Committee of the Florida Bar (Committee) has submitted its biennial report of proposed amendments to the Florida Rules of Civil Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const. Pursuant to Florida Rule of Judicial Administration 2.130(c), the Committee published the proposals for comment and also submitted the proposals to the Board of Governors of The Florida Bar for its recommendation. The Board approved the proposals and the Committee then submitted the proposals to this Court. The Court also published the proposals for comment and received comments. We adopt the amendments to the rules recommended by the Committee. We also adopt an amendment to rule 1.525 that was not presented in the Committee's report.
We briefly review the proposed amendments. Subdivision (a)(2), Motion, of rule 1.380, Failure to Make Discovery; Sanctions, is amended to require attorneys to certify that they have made a good-faith attempt to resolve discovery disputes with opposing counsel before filing a motion to compel. Subdivision (a)(4), Award of Expenses of Motion, is amended to prohibit the award of expenses to a moving party who fails to certify a good-faith effort to obtain discovery. Subdivision (d), Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection, is amended to provide that any motion filed under clause 2 (failure to serve answers or objections to interrogatories), or clause 3 (failure to serve a written response to a request for inspection), must contain a goodfaith certification that the movant conferred or attempted to confer with the party from whom the information is sought.
Subdivision (e), Failure to Prosecute, of rule 1.420, Dismissal of Actions, is amended to provide that after ten months of record inactivity, notice may be served on the parties by any interested person, the court, or the clerk of the court, indicating that no record activity has occurred. Following proper service of the notice, the party has sixty days to conduct record activity in order to avoid dismissal. After sixty days, if no record activity takes place, reasonable notice shall be provided to the parties and the action shall be dismissed in the absence of a demonstration of good cause.
*177 Form 1.989 is renamed Order of Dismissal for Lack of Prosecution and is amended to reflect the changes to rule 1.420(e). Subdivision (a) provides the language for the Notice of Lack of Prosecution, and subdivision (b) provides the language for the Order of Dismissal.
Subdivision (c), Challenge for Cause, of rule 1.431, Trial Jury, is amended to provide that a party may make a challenge for cause to a prospective juror who has a familial or employment relationship with nonparties who, based on the pleadings, are subject to liability or blame. This amendment was proposed in light of this Court's decisions in Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla. 1996), and Fabre v. Marin, 623 So.2d 1182 (Fla.1993), receded from in part on other grounds by Wells v. Tallahassee Memorial Regional Medical Ctr., Inc., 659 So.2d 249 (Fla.1995).
Subdivision (c), Motions and Proceedings Thereon, of rule 1.510, Summary Judgment, is amended to state that a motion for summary judgment must specifically identify evidence upon which it relies, and require that any evidence not already on file with the court must be served with the motion. Additionally, the amendment provides that the adverse party must also notify the opposing party of any summary judgment evidence on which it relies, and must provide copies of any evidence not already on file with the court. The language of the summary judgment standard is amended to expand the types of evidence to be considered in a summary judgment motion, by adding "other materials as would be admissible in evidence."
Rule 1.525, Motions for Costs and Attorneys' Fees, is amended to reflect that a motion seeking costs or attorneys' or both fees shall be served "no later than" thirty days after the judgment is filed. This amendment was not a part of the Committee's original proposal; it developed as a result of proposed changes to the Small Claims Rules which this Court has approved in a separate opinion. See In re Amendments to Fla. Small Claims Rules, No. SC05-146, ___ So.2d ___, 2005 WL 3429592 (Fla. Dec. 15, 2005).
Form 1.997, Civil Cover Sheet, contains several changes, including some minor editing changes. Substantively, the following changes ensue: an addition in the "Other Civil" column to include a "Challenge to proposed constitutional amendment" option; new subdivision II(Q) on the instructions provides notice to the court that the action involves a challenge to a legislatively initiated proposed constitutional amendment; and current subdivision (Q) is redesignated as subdivision (R).
Upon review of these proposed amendments and comments thereto we concur in the Committee's conclusion that these changes constitute helpful improvements to court procedures in our civil justice system. We hereby adopt the rules as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. Committee notes are included for explanation and guidance only and are not adopted as an official part of the rules. We conditionally adopt the amendment to rule 1.525 and direct that this amendment also be published in The Florida Bar News and any interested person may file comments with this Court within sixty days of the date of this opinion. Otherwise the amendments shall become effective on January 1, 2006, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and ANSTEAD, LEWIS, QUINCE, and CANTERO, JJ., concur.
*178 WELLS, J., concurs in part and dissents in part with an opinion, in which BELL, J., concurs.
WELLS, J., concurring in part and dissenting in part.
I concur in respect to the adoption of the amendments with the exception that I dissent to the adoption of the amendment proposed to Florida Rules of Civil Procedure 1.420.
I agree that rule 1.420 requires significant changes, but I do not believe that this amendment encompasses the changes that are needed.
BELL, J., concurs.

APPENDIX

RULE 1.380. FAILURE TO MAKE DISCOVERY; SANCTIONS
(a) Motion for Order Compelling Discovery. Upon reasonable notice to other parties and all persons affected, a party may apply for an order compelling discovery as follows:
(1) Appropriate Court. An application for an order to a party may be made to the court in which the action is pending or in accordance with rule 1.310(d). An application for an order to a deponent who is not a party shall be made to the circuit court where the deposition is being taken.
(2) Motion. If a deponent fails to answer a question propounded or submitted under rule 1.310 or 1.320, or a corporation or other entity fails to make a designation under rule 1.310(b)(6) or 1.320(a), or a party fails to answer an interrogatory submitted under rule 1.340, or if a party in response to a request for inspection submitted under rule 1.350 fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, or if a party in response to a request for examination of a person submitted under rule 1.360(a) objects to the examination, fails to respond that the examination will be permitted as requested, or fails to submit to or to produce a person in that party's custody or legal control for examination, the discovering party may move for an order compelling an answer, or a designation or an order compelling inspection, or an order compelling an examination in accordance with the request. The motion must include a certification that the movant, in good faith, has conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order. If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to rule 1.280(c).
(3) Evasive or Incomplete Answer. For purposes of this subdivision an evasive or incomplete answer shall be treated as a failure to answer.
(4) Award of Expenses of Motion. If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees, unless the court finds that the movant failed to certify in the motion that a good faith effort was made to obtain the discovery without court action, that the opposition to the motion was justified, or that other circumstances make an award of expenses unjust. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay *179 to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.
(b) Failure to Comply with Order.
(1) If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court.
(2) If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or rule 1.360, the court in which the action is pending may make any of the following orders:
(A) An order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.
(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party.
(D) Instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders except an order to submit to an examination made pursuant to rule 1.360(a)(1)(B) or subdivision (a)(2) of this rule.
(E) When a party has failed to comply with an order under rule 1.360(a)(1)(B) requiring that party to produce another for examination, the orders listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows the inability to produce the person for examination.
Instead of any of the foregoing orders or in addition to them, the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust.
(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may file a motion for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys' fees. The court shall issue such an order at the time a party requesting the admissions proves the genuineness of the document or the truth of the matter, upon motion by the requesting party, unless it finds that (1) the request was held objectionable pursuant to rule 1.370(a), (2) the admission sought was of no substantial importance, or (3) there was other good reason for the failure to admit.
(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, *180 or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition after being served with a proper notice, (2) to serve answers or objections to interrogatories submitted under rule 1.340 after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under rule 1.350 after proper service of the request, the court in which the action is pending may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant, in good faith, has conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. Instead of any order or in addition to it, the court shall require the party failing to act to pay the reasonable expenses caused by the failure, which may include attorneys' fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by rule 1.280(c).

Committee Notes
1972 Amendment. Derived from Federal Rule of Civil Procedure 37 as amended in 1970. Subdivision (a)(3) is new and makes it clear that an evasive or incomplete answer is a failure to answer under the rule. Other clarifying changes have been made within the general scope of the rule to ensure that complete coverage of all discovery failures is afforded.
2003 Amendment. Subdivision (c) is amended to require a court to make a ruling on a request for reimbursement at the time of the hearing on the requesting party's motion for entitlement to such relief. The court may, in its discretion, defer ruling on the amount of the costs or fees in order to hold an evidentiary hearing whenever convenient to the court and counsel.
2005 Amendment. Following the example of Federal Rule of Civil Procedure 37 as amended in 1993, language is included in subdivision (a)(2) that requires litigants to seek to resolve discovery disputes by informal means before filing a motion with the court. This requirement is based on successful experience with the federal rule as well as similar local rules of state trial courts. Subdivision (a)(4) is revised to provide that a party should not be awarded its expenses for filing a motion that might have been avoided by conferring with opposing counsel. Subdivision (d) is revised to require that, where a party failed to file any response to a rule 1.340 interrogatory or a rule 1.350 request, the discovering party should attempt to obtain such responses before filing a motion for sanctions.

RULE 1.420. DISMISSAL OF ACTIONS

(a) Voluntary Dismissal.
(1) By Parties. Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without *181 prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
(2) By Order of Court; If Counterclaim. Except as provided in subdivision (a)(1) of this rule, an action shall not be dismissed at a party's instance except on order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served by a defendant prior to the service upon the defendant of the plaintiff's notice of dismissal, the action shall not be dismissed against defendant's objections unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court. Notice of hearing on the motion shall be served as required under rule 1.090(d). After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.
(c) Dismissal of Counterclaim, Crossclaim, or Third-Party Claim. The provisions of this rule apply to the dismissal of any counterclaim, crossclaim, or third-party claim.
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
(e) Failure to Prosecute. In aAll actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed *182 or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
(f) Effect on Lis Pendens. If a notice of lis pendens has been filed in connection with a claim for affirmative relief that is dismissed under this rule, the notice of lis pendens connected with the dismissed claim is automatically dissolved at the same time. The notice, stipulation, or order shall be recorded.

Committee Notes
1976 Amendment. Subdivision (e) has been amended to prevent the dismissal of an action for inactivity alone unless 1 year has elapsed since the occurrence of activity of record. Nonrecord activity will not toll the 1-year time period.
1980 Amendment. Subdivision (e) has been amended to except from the requirement of record activity a stay that is ordered or approved by the court.
1992 Amendment. Subdivision (f) is amended to provide for automatic dissolution of lis pendens on claims that are settled even though the entire action may not have been dismissed.
2005 Amendment. Subdivision (e) has been amended to provide that an action may not be dismissed for lack of prosecution without prior notice to the claimant and adequate opportunity for the claimant to re-commence prosecution of the action to avert dismissal.

Court Commentary
1984 Amendment. A perennial real property title problem occurs because of the failure to properly dispose of notices of lis pendens in the order of dismissal. Accordingly, the reference in subdivision (a)(1) to disposition of notices of lis pendens has been deleted and a separate subdivision created to automatically dissolve notices of lis pendens whenever an action is dismissed under this rule.

RULE 1.431. TRIAL JURY

(a) Questionnaire.
(1) The circuit court may direct the authority charged by law with the selection of prospective jurors to furnish each prospective juror with a questionnaire in the form approved by the supreme court from time to time to assist the authority in selecting prospective jurors. The questionnaire shall be used after the names of jurors have been selected as provided by law but before certification and the placing of the names of prospective jurors in the jury box. The questionnaire shall be used to determine those who are not qualified to serve as jurors under any statutory ground of disqualification.
(2) To assist in voir dire examination at trial, any court may direct the clerk to furnish prospective jurors selected for service with a questionnaire in the form approved by the supreme court from time to time. The prospective jurors shall be asked to complete and return the forms. Completed forms may be inspected in the clerk's office and copies shall be available in court during the voir dire examination for use by parties and the court.
(b) Examination by Parties. The parties have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror shall be determined by the court. The court may ask such questions of the jurors as it deems necessary, but the right of the parties to conduct a reasonable examination of each juror orally shall be preserved.

(c) Challenge for Cause.
(1) On motion of any party, the court shall examine any prospective juror on oath to determine whether that person is *183 related, within the third degree, to (i) any party or to, (ii) the attorney of any party within the third degree, or (iii) any other person or entity against whom liability or blame is alleged in the pleadings, or is related to any person alleged to have been wronged or injured by the commission of the wrong for the trial of which the juror is called, or has any interest in the action, or has formed or expressed any opinion, or is sensible of any bias or prejudice concerning it, or is an employee or has been an employee of any party or any other person or entity against whom liability or blame is alleged in the pleadings, within 30 days before the trial. A party objecting to the juror may introduce any other competent evidence to support the objection. If it appears that the juror does not stand indifferent to the action or any of the foregoing grounds of objection exists or that the juror is otherwise incompetent, another shall be called in that jurors place.
(2) The fact that any person selected for jury duty from bystanders or the body of the county and not from a jury list lawfully selected has served as a juror in the court in which that person is called at any other time within 1 year is a ground of challenge for cause.
(3) When the nature of any civil action requires a knowledge of reading, writing, and arithmetic, or any of them, to enable a juror to understand the evidence to be offered, the fact that any prospective juror does not possess the qualifications is a ground of challenge for cause.
(d) Peremptory Challenges. Each party is entitled to 3 peremptory challenges of jurors, but when the number of parties on opposite sides is unequal, the opposing parties are entitled to the same aggregate number of peremptory challenges to be determined on the basis of 3 peremptory challenges to each party on the side with the greater number of parties. The additional peremptory challenges accruing to multiple parties on the opposing side shall be divided equally among them. Any additional peremptory challenges not capable of equal division shall be exercised separately or jointly as determined by the court.
(e) Exercise of Challenges. All challenges shall be addressed to the court outside the hearing of the jury in a manner selected by the court so that the jury panel is not aware of the nature of the challenge, the party making the challenge, or the basis of the courts ruling on the challenge, if for cause.
(f) Swearing of Jurors. No one shall be sworn as a juror until the jury has been accepted by the parties or until all challenges have been exhausted.
(g) Alternate Jurors.
(1) The court may direct that 1 or 2 jurors be impaneled to sit as alternate jurors in addition to the regular panel. Alternate jurors in the order in which they are called shall replace jurors who have become unable or disqualified to perform their duties before the jury retires to consider its verdict. Alternate jurors shall be drawn in the same manner, have the same qualifications, be subject to the same examination, take the same oath, and have the same functions, powers, facilities, and privileges as principal jurors. An alternate juror who does not replace a principal juror shall be discharged when the jury retires to consider the verdict.
(2) If alternate jurors are called, each party shall be entitled to one peremptory challenge in the selection of the alternate juror or jurors, but when the number of parties on opposite sides is unequal, the opposing parties shall be entitled to the same aggregate number of peremptory challenges to be determined on the basis of 1 peremptory challenge to each party on *184 the side with the greater number of parties. The additional peremptory challenges allowed pursuant to this subdivision may be used only against the alternate jurors. The peremptory challenges allowed pursuant to subdivision (d) of this rule shall not be used against the alternate jurors.
(h) Interview of a Juror. A party who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within 10 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion shall state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge shall enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.

Committee Notes
1971 Adoption. Subdivision (a) is new. It is intended to replace section 40.101, Florida Statutes, declared unconstitutional in Smith v. Portante, 212 So.2d 298 (Fla. 1968), after supplying the deficiencies in the statute. It is intended to simplify the task of selecting prospective jurors, both for the venire and for the panel for trial in a particular action. The forms referred to in subdivision (a) are forms 1.983 and 1.984. Subdivisions (b)-(e) are sections 53.031, 53.021, 53.011, and 53.051, Florida Statutes, without substantial change.
1976 Amendment. Subdivision (e) has been added to establish a procedure for challenging jurors without members of the panel knowing the source of the challenge, to avoid prejudice. Subdivision (f) is a renumbering of the previously enacted rule regarding alternate jurors.
Subdivision (g) has been added to establish a procedure for interviewing jurors. See also Canons of Professional Responsibility DR 7-108.
1988 Amendment. Subdivision (f) has been added to ensure the right to "back-strike" prospective jurors until the entire panel has been accepted in civil cases. This right to back-strike until the jurors have been sworn has been long recognized in Florida. Florida Rock Industries, Inc. v. United Building Systems, Inc., 408 So.2d 630 (Fla. 5th DCA 1982). However, in the recent case of Valdes v. State, 443 So.2d 223 (Fla. 1st DCA 1984), the court held that it was not error for a court to swear jurors one at a time as they were accepted and thereby prevent retrospective peremptory challenges. The purpose of this subdivision is to prevent the use of individual swearing of jurors in civil cases. Former subdivisions (f) and (g) have been redesignated as (g) and (h) respectively.
1992 Amendment. Subdivision (g)(2) is amended to minimize the inequity in numbers of peremptory challenges allowed in selecting alternate jurors in actions with multiple parties.
2005 Amendment. Subdivision (c)(1) is amended to ensure that prospective jurors may be challenged for cause based on bias in favor of or against nonparties against whom liability or blame may be alleged in accordance with the decisions in Fabre v. Marin, 623 So.2d 1182 (Fla.1993), or Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla.1996).

RULE 1.510. SUMMARY JUDGMENT
(a) For Claimant. A party seeking to recover upon a claim, counterclaim, crossclaim, or third-party claim or to obtain a declaratory judgment may move for a summary judgment in that party's favor *185 upon all or any part thereof with or without supporting affidavits at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.
(b) For Defending Party. A party against whom a claim, counterclaim, crossclaim, or third-party claim is asserted or a declaratory judgment is sought may move for a summary judgment in that party's favor as to all or any part thereof at any time with or without supporting affidavits.
(c) Motion and Proceedings Thereon. The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least 20 days before the time fixed for the hearing.specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant shall serve the motion at least 20 days before the time fixed for the hearing, and shall also serve at that time copies of any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse party may serve opposing affidavits shall identify, by notice mailed to the movant's attorney at least 5 days prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent such summary judgment evidence has not already been filed with the court, the adverse party shall serve copies on the movant by mailing the affidavits them at least 5 days prior to the day of the hearing, or by delivering the affidavits them to the movant's attorney no later than 5:00 p.m. two 2 business days prior to the day of hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, affidavits, and other materials as would be admissible in evidence on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
(d) Case Not Fully Adjudicated on Motion. On motion under this rule if judgment is not rendered upon the whole case or for all the relief asked and a trial or the taking of testimony and a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. On the trial or final hearing of the action the facts so specified shall be deemed established, and the trial or final hearing shall be conducted accordingly.
(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court *186 may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
(f) When Affidavits Are Unavailable. If it appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
(g) Affidavits Made in Bad Faith. If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorneys' fees, and any offending party or attorney may be adjudged guilty of contempt.

Committee Notes
1976 Amendment. Subdivision (c) has been amended to require a movant to state with particularity the grounds and legal authority which the movant will rely upon in seeking summary judgment. This amendment will eliminate surprise and bring the summary judgment rule into conformity with the identical provision in rule 1.140(b) with respect to motions to dismiss.
1992 Amendment. The amendment to subdivision (c) will require timely service of opposing affidavits, whether by mail or by delivery, prior to the day of the hearing on a motion for summary judgment.
2005 Amendment. Subdivision (c) has been amended to ensure that the moving party and the adverse party are each given advance notice of and, where appropriate, copies of the evidentiary material on which the other party relies in connection with a summary judgment motion.

Rule 1.525. MOTIONS FOR COSTS AND ATTORNEYS' FEES
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.

Committee Notes
2000 Adoption. This rule is intended to establish a time requirement to serve motions for costs and attorneys' fees.

Court Commentary
2000 Adoption. This rule only establishes time requirements for serving motions for costs, attorneys' fees, or both, and in no way affects or overrules the pleading requirements outlined by this Court in Stockman v. Downs, 573 So.2d 835 (Fla. 1991).

FORM 1.989. ORDER OF DISMISSAL JUDGMENT DISMISSING FOR LACK OF PROSECUTION
(a) Judgment When Motion Filed by a Party.

FINAL JUDGMENT OF DISMISSAL
This action was heard on the motion to dismiss for lack of prosecution of defendant, ____________________. The court finds that it does not affirmatively appear from filing of pleadings, order of court, or otherwise for a period of 1 year before serving the motion that the action is being prosecuted, so
IT IS ADJUDGED that this action is dismissed for lack of prosecution, that plaintiff, _____________________, takes nothing by this action and that defendant, *187 ________________, shall go hence without day.
ORDERED at _________________, Florida, on ____(date)_____
 ________________
 Judge
(b) Judgment on Court's Motion.

MOTION, NOTICE, AND JUDGMENT OF DISMISSAL
The court finds that it does not affirmatively appear from filing of pleadings, order of court, or otherwise for a period of 1 year that this action is being prosecuted, so
IT IS ADJUDGED as follows:
1. Good cause shall be shown why the action should not be dismissed for lack of prosecution at least 5 days before the hearing set in paragraph 3.
2. The showing of good cause shall be in writing and filed in the action.
3. If a showing of good cause is filed as provided in paragraph 2, a hearing on the question shall be held on ____(date)_____, at ______m, before the Honorable __________________, in his/her chambers at the ____________________ County Courthouse in ____________________, Florida.
4. If no showing of good cause is filed within the time specified in paragraph 1, this action shall stand dismissed for lack of prosecution without further order of court on the date specified in paragraph 3 and plaintiff, __________________, shall take nothing by this action and defendant, __________________, shall go hence without day.
ORDERED at _______________, Florida, on ____(date)_____
 _______________
 Judge
NOTE: This form accommodates those courts that dismiss on their own motion. It is optional and the court may follow the procedure of sending a motion and notice of hearing that is not self-executing.

(a) Notice of Lack of Prosecution.

NOTICE OF LACK OF PROSECUTION
PLEASE TAKE NOTICE that it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months immediately preceding service of this notice, and no stay has been issued or approved by the court. Pursuant to rule 1.420(e), if no such record activity occurs within 60 days following the service of this notice, and if no stay is issued or approved during such 60-day period, this action may be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.

(b) Order Dismissing Case for Lack of Prosecution.

ORDER OF DISMISSAL
This action was heard on the ____ respondent's/court's/interested party's ____ motion to dismiss for lack of prosecution served on ____(date)____ The court finds that (1) notice prescribed by rule 1.420(e) was served on. ____(date)____; (2) there was no record activity during the 10 months immediately preceding service of the foregoing notice; (3) there was no record activity during the 60 days immediately following service of the foregoing notice; (4) no stay has been issued or approved by the court; and (5) no party *188 has shown good cause why this action should remain pending. Accordingly,
IT IS ORDERED that this action is dismissed for lack of prosecution.
ORDERED at __________________, Florida, on ____(date)_____
 ___________________
 Judge
FORM 1.997. CIVIL COVER SHEET
The civil cover sheet and the information contained herein neither replace nor
supplement the filing and service of pleadings or other papers as required by law.
This form is required for the use of the Clerk of Court for the purpose of reporting
judicial workload data pursuant to Florida Statute 25.075. (See instructions on the
reverse of the form.)
------------------------------------------------------------------------------------
I. CASE STYLE
 (Name of Court) _____
Plaintiff ________ Case #: _______
 ________ Judge: ________
vs.
Defendant ________
 ________
-------------------------------------------------------------------------------------
II. TYPE OF CASE (Place an x in one box only. If the case fits more than
 one type of case, select the most definitive.)
------------------------------------------------------------------------------------
 Domestic Relations Torts Other Civil
------------------------------------------------------------------------------------
[] Simplified dissolution [] Professional [] Contracts
[] Dissolution Mmalpractice [] Condominium
[] SupportIV-D [] Products liability [] Real property/
[] SupportNon IV-D [] Auto negligence Mortgage foreclosure
[] URESA UIFSAIV-D [] Other negligence [] Eminent domain
[] URESA UIFSANon [] Challenge to proposed
IV-D constitutional amendment
[] Domestic violence [] Other
[] Other domestic relations
------------------------------------------------------------------------------------
III. IS JURY TRIAL DEMANDED IN COMPLAINT?
 [] Yes
 [] No
------------------------------------------------------------------------------------
DATE ________________________ SIGNATURE OF ATTORNEY FOR PARTY
 INITIATING ACTION ______________________________

FORM 1.997. INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).
II. Type of Case. Place an "X" in the appropriate box. If the cause fits more *189 than one type of case, select the most definitive. Definitions of the cases are provided below.
(A) Simplified Dissolution of Marriage petitions for the termination of marriage pursuant to Fla. Fam. L.R.P. 12.105.
(B) Dissolution of Marriagepetitions for the termination of marriage other than simplified dissolution.
(C) SupportIV-Dall matters relating to child or spousal support in which an application for assistance has been filed under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage petitions (sections 409.245, 409.2564, 409.2571, and 409.2597, Florida Statutes), paternity, or URESAUIFSA.
(D) SupportNon IV-Dall matters relating to child or spousal support in which an application for assistance has not been filed under Title IV-D, Social Security Act.
(E) URESAUIFSAIV-Dall matters relating to Chapter 88, Florida Statutes in which an application for assistance has been filed under Title IV-D, Social Security Act.
(F) URESAUIFSANon IV-Dall matters relating to Chapter 88, Florida Statutes, in which an application for assistance has not been filed under Title IV-D, Social Security Act.
(G) Domestic Violenceall matters relating to injunctions for protection against domestic violence pursuant to section 741.30, Florida Statutes.
(H) Domestic Relationsall matters involving adoption, paternity, change of name, child custody, separate maintenance, annulment, or other matters not included in categories (A) through (G).
(I) Auto Negligenceall matters arising out of a party's allegedly negligent operation of a motor vehicle.
(J) Professional Malpracticeall professional malpractice lawsuits.
(K) Products Liabilityall matters involving injury to person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
(L) Other Negligenceall actions sounding in negligence, including statutory claims for relief on account of death or injury, not included in categories (G), (H), and(I), (J), and (K).
(M) Condominiumall civil lawsuits pursuant to Chapter 718, Florida Statutes, where a condominium association is a party in the lawsuit.
(N) Eminent Domainall matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, and public service corporations.
(O) Real Property/Mortgage Foreclosure all matters relating to the possession, title, and boundaries of real property. All matters involving foreclosures and sales, including foreclosures associated with condominium associations and condominium units.
(P) Contract and Indebtednessall contract actions relating to promissory notes and other debts, including those arising from the sale of goods. Excludes contract disputes involving condominium associations.
(Q) Challenge to proposed constitutional amendmenta challenge to a legislatively initiated proposed constitutional amendment. Excludes challenges to citizen-initiated proposed *190 constitutional amendments, because the Florida Supreme Court has direct jurisdiction of such challenges.
(R) Other Civilall civil matters not included in categories (A) through (PQ).
III. Is Jury Trial Demanded In Complaint? Check the appropriate box to indicate whether a jury is being demanded in the complaint.
Date and attorney signature. DATE AND ATTORNEY SIGNATURE. Date and sign the civil cover sheet.