PER CURIAM.
The sole issue for our determination in this appeal is whether the trial court erred when it dismissed this action for lack of prosecution.[1] It is undisputed that there was no record activity for more than one year preceding the filing of the motion to dismiss. Our resolution of this appeal, therefore, turns on whether the trial court abused its discretion when it concluded that non-record activity was insufficient to preclude dismissal.
Concluding that the trial court did abuse its discretion, we reverse and reinstate the action.
During the relevant one-year period preceding the motion to dismiss, Appellees responded to two discovery requests propounded by Appellant. One of the Appel-lees provided requested documents. The other Appellee provided answers to interrogatories. Also within the relevant one-year period, Appellant’s counsel wrote a letter to Appellee’s counsel seeking more complete answers to the interrogatories, which, by local rule, was a precondition to filing a motion to compel.
Having reviewed the record, we conclude that this non-record activity was suf *1233 ficient to establish good cause to avoid dismissal and that the lower court erred in concluding otherwise.
REVERSED AND REMANDED.
GRIFFIN, MONACO and TORPY, JJ., concur.

. Fla. R. Civ. P. 1.420. The parties agree that this case is governed by the version of the rule that existed prior to the most recent amendment, which substantially revised the rule. In re Amendments to the Florida Rules of Civil Procedure (Two Year Cycle), 917 So.2d 176, 181 (Fla.2005).