960 So.2d 858 (2007)
Elvoy PAUL, Appellant,
v.
Rafael GONZALEZ, Appellee.
No. 4D06-3942.
District Court of Appeal of Florida, Fourth District.
July 11, 2007.
*859 Regine Monestime of The Monestime Firm, P.A., Miami, for appellant.
William Martin of Peterson Bernard, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, Elvoy Paul, appeals the trial court's order dismissing his negligence action for failure to prosecute. We conclude that the trial court erred in dismissing the action. We reverse.
This action commenced on June 18, 2003, when Paul filed a negligence action against the defendant, Rafael Gonzalez, arising out of an auto accident. As the case progressed through discovery, the trial court granted Paul's motion for protective order on June 10, 2005, finding that the unrepresented Paul did not have the capacity to understand the nature of the lawsuit. The trial court also ordered Paul's sons, who attended the hearing, to open a guardianship for Paul and directed: "If Plaintiff's sons are not successful in opening guardianship for Plaintiff, and if no action is taken to resolve or move this case forward within the next year from the date of this Order, then Defendant [sic] file a motion to dismiss this case for lack of prosecution." Subsequently, Paul's sons filed a Petition for Appointment of Plenary Guardian (Petition for Guardianship) on April 14, 2006 in Palm Beach County in the probate division. However, there is no indication in the record that Paul submitted a notice of filing of the Petition for Guardianship with the trial court presiding over his negligence action.
Therefore, on June 7, 2006, the trial court issued a Notice of Failure to Prosecute pursuant to Florida Rule of Civil Procedure 1.420(e), finding that "no activity by filing of pleadings, order of court, or otherwise has occurred for a period of at least 10 months." The court then cited Florida Rule of Civil Procedure 1.420(e), as amended January 1, 2006, which stated, in part:
. . . If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion . . . after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.
The court also ordered: "If no record activity occurs within the 60 days following the service of this notice, this notice shall also serve as this Court's Motion to Dismiss Action for Failure to Prosecute, which this Court shall hear on Thursday, August 17, 2006. . . ."
Subsequent to the trial court's Notice of Failure to Prosecute, the Petition for Guardianship that was originally filed in Palm Beach County was later re-filed in *860 Flagler County on July 26, 2006 because Paul no longer resided in Palm Beach County. Furthermore, on July 28, 2006, the Flagler County circuit court entered an Order Appointing Attorney and Elisor for Alleged Incapacitated Person. Although this activity did occur within sixty (60) days after service of the Notice of Failure to Prosecute, it occurred in the probate division of the Flagler County circuit court, and Paul did not provide the trial court in the negligence action notice of this activity until he filed his Notice of Good Cause on August 16, 2006, only one day before the hearing on the court's motion to dismiss for lack of prosecution, not the five days required by rule 1.420(e).
On August 17, 2006, the trial court held a hearing and entered an Order Dismissing Action Without Prejudice for Failure to Prosecute. In its order, the court found that:
(1) notice prescribed by Florida Rule of Civil Procedure 1.420(e) was served on the parties; (2) there was no record activity during the ten (10) months immediately preceding service of the foregoing notice; (3) there was no record activity during the sixty (60) days immediately following service of the notice; (4) no stay has been issued or approved by the court; and (5) no party has shown good cause in writing at least five (5) days before the hearing on the motion why this action should remain pending.
The trial court also explained:
Had Plaintiff filed his Notice of Good Cause at least 5 days before the hearing, this Court would have found good cause why the action should remain pending. But because Plaintiff did not show good cause in writing at least 5 days before the hearing, as required by the plain language of Rule 1.420(e), it is ORDERED AND ADJUDGED that this Court dismisses this action without prejudice for lack of prosecution.
On appeal, Paul argues that the trial court abused its discretion in dismissing the underlying action for lack of prosecution because there was record activity both within the ten (10) months preceding the service of the Notice of Failure to Prosecute on June 7, 2006 and during the sixty (60) days immediately following service of the notice. Specifically, Paul points to the Petition for Guardianship filed on April 14, 2006 in Palm Beach County, the re-filing of the Petition for Guardianship in Flagler County on July 26, 2006, and the Order Appointing Attorney and Elisor for Alleged Incapacitated Person dated July 28, 2006.
Florida Rule of Civil Procedure 1.420(e) (2006), effective January 1, 2006, provides as follows:
In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60 day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the *861 motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e) (2006).
The Florida Supreme Court articulated a two-prong test to determine whether a case warrants dismissal under Rule 1.420(e). First, the defendant must show that there was no record activity for the year preceding the motion. Metropolitan Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001).[1] Second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. Id.
More recently, in Wilson v. Salamon, 923 So.2d 363 (Fla.2005), the court concluded that Rule 1.420(e) must be interpreted by its plain meaning. Id. at 367. The court stated as follows:
. . . the language of the rule is clearif a review of the face of the record does not reflect any activity in the preceding year, the action shall be dismissed, unless a party shows good cause why the action should remain pending; however, if a review of the face of the record reveals activity by `filings of pleadings, order of court, or otherwise,' an action should not be dismissed. See Hall, 784 So.2d at 1090. This construction of the rule establishes a bright-line test that will ordinarily require only a cursory review of the record by a trial court. As Justice Wells noted in Hall, there is either activity on the face of the record or there is not. Id. We find this bright-line rule appealing in that it establishes a rule that is easy to apply and relieves the trial court and litigants of the burden of determining and guessing as to whether an activity is merely passive or active.
Id. at 368. In Wilson, the supreme court concluded that the trial court's order granting the co-counsel's motion to appear pro hac vice for the plaintiff was sufficient record activity to preclude dismissal of the plaintiff's medical malpractice action under rule 1.420(e). Id. at 369. The court explained: "there is no dispute that an order of court was entered and this order appears on the face of the record. . . . The appearance of the order of court on the record in these proceedings prevents rule 1.420(e) from being utilized as a basis for dismissal." Id.
However, applying the principles in Wilson, we conclude that the Petition for Guardianship in this case did not "appear on the face of the record" in the negligence action as required by rule 1.420(e). Id. Although it is undisputed that the Petition for Guardianship was filed in Flagler County on July 26, 2006, and that a subsequent Order Appointing Attorney and Elisor for Alleged Incapacitated Person was entered in Flagler County on July 28, 2006, neither "appear on the face of the record" in the underlying negligence action against the defendant Rafael Gonzalez in Palm Beach County. Rather, the Petition for Guardianship and subsequent Order Appointing Attorney and Elisor for Alleged Incapacitated Person were filed in a guardianship proceeding in probate court under a different case number, and the plaintiff failed to file in the record of the negligence action any indication that he was pursuing the Petition for Guardianship. We therefore agree with the appellee that the Petition for Guardianship and Order Appointing Attorney and Elisor for *862 Alleged Incapacitated Person do not constitute record activity in the negligence action sufficient to defeat a dismissal for lack of prosecution.
It is undisputed in this case that in the trial court's June 7, 2006 Notice of Failure to Prosecute, the court advised both parties that a hearing on the court's motion to dismiss action for failure to prosecute would be held on August 17, 2006 if no record activity occurred within the sixty (60) days following service of the notice. Furthermore, in the notice, the trial court cited Rule 1.420(e), including the provision with respect to the five-day time requirement to show good cause. Therefore, the trial court even provided Paul with notice of the five-day time requirement to show good cause, but he failed to comply.
Thus, we conclude that the trial court did not err in finding that there was no record activity during the time periods required in Rule 1.420(e) and in concluding that Paul's failure to show good cause in writing at least five (5) days before the hearing required dismissal of his personal injury action. The trial court's order dismissing the action for failure to prosecute would be affirmed except for the effect of Florida Rule of Civil Procedure 1.210(b) on involuntary dismissals for lack of prosecution.
When it becomes apparent during the pendency of a civil action that a party is incompetent, rule 1.210(b) provides:
When an . . . incompetent person has a representative, such as a guardian . . . the representative may sue or defend on behalf of the . . . incompetent person. . . . The court shall appoint a guardian ad litem for an . . . incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the . . . incompetent person.
Under rule 1.210, when the unrepresented plaintiff in this action became incompetent, the trial court itself should have either appointed a guardian ad litem or entered "such other order as it deems proper for the protection" of the incompetent plaintiff. The policy of the rule is that the court should insure that the interests of the incompetent party will be protected until someone is qualified to succeed to his interests. In this instance, the trial court did neither. Not only does rule 1.210 authorize these actions, it plainly requires them. In failing to do either one, the dismissal clock began ticking on Paul's lawsuit without any representative capable of understanding the lapse of time and the consequent effect on his legal rights. He was left without any person qualified to take action on his behalf.
We conclude that it is a denial of due process to dismiss the claim of a person who is then incompetent without the presence of someone in the case able to prosecuteor, at a minimum, prevent dismissal for lack of prosecution. In short, the "limitations" period of rule 1.420(e) cannot be fairly applied against a party who is incapable of complying with its requirements.
Reversed and Remanded.
GUNTHER, FARMER, JJ., and HOROWITZ, ALFRED J., Associate Judge, concur.
NOTES
[1] The newly amended Rule 1.420(e), effective January 1, 2006, provides that a motion may be filed when no record activity has occurred after ten months. In re: Amendments to the Fla. R. Civ. P., 917 So.2d 176, 176 (Fla.2005).