961 So.2d 1048 (2007)
Nolan Nathaniel EDWARDS, Appellant,
v.
CITY OF ST. PETERSBURG, Appellee.
No. 2D06-5433.
District Court of Appeal of Florida, Second District.
July 20, 2007.
*1049 Nolan Nathaniel Edwards, pro se.
John C. Wolfe, City Attorney and Deborah Glover-Pearcey, Assistant City Attorney, St. Petersburg, for Appellee.
NORTHCUTT, Chief Judge.
The circuit court erred when it dismissed Nolan Edwards' action against the City of St. Petersburg for lack of prosecution. Accordingly, we reverse.
Acting pro se, Edwards filed suit against the City in December 2003, seeking copies of certain public records allegedly created by the St. Petersburg Police Department. In 2004, the City filed a motion to dismiss and a motion to strike interrogatories. According to our limited record, these motions have never been set for hearing or ruled upon. In 2005, Edwards filed a pro se motion for trial, which included a request that he be transported from prison to attend. This latter request was denied in an order that did not rule on Edwards' motion for trial.
On July 10, 2006, the clerk of the circuit court mailed to the parties a "NOTICE OF LACK OF PROSECUTION." The notice stated that the face of the record revealed no activity for the preceding ten months. Citing Florida Rule of Civil Procedure 1.420(e), the notice stated that the case could be dismissed if no record activity occurred within sixty days and if no stay was issued, unless good cause was shown. On August 23, 2006, Edwards filed a motion for hearing and for witness attendance. Over a month later, the City filed a motion to dismiss for lack of prosecution. The circuit court granted the City's motion and dismissed the action with prejudice, finding from a review of the file "that from 7/12/05-8/23/06 Plaintiff did not file record activity."
Dismissals for failure to prosecute are governed by rule 1.420(e), which was amended in 2005. In re Amendments to the Florida Rules of Civil Procedure (Two Year Cycle), 917 So.2d 176, 176-77 (Fla. 2005) (setting January 1, 2006, as effective date for amendments). The parties agree that the amended rule applies to this case. Under the new provisions of rule 1.420(e), a notice of lack of prosecution may be sent when there has been no record activity  by filing of pleadings, order of court, or otherwise  for a period of ten months. Such a notice was sent in this case.
The amended rule then provides a sixty-day period in which a party must act in order to avoid a dismissal for failure to prosecute. Fla. R. Civ. P. 1.420(e). "[A]n action may not be dismissed for lack of prosecution without prior notice to the claimant and adequate opportunity for the claimant to re-commence prosecution of the action to avert dismissal." Fla. R. Civ. P. 1.420(e) committee notes (2005 amend.). See In re Amendments, 917 So.2d at 176 ("Following proper service of the notice, the party has sixty days to conduct record activity in order to avoid dismissal."). In this case, Edwards acted within the sixty-day period following the notice by filing a motion on the forty-fourth day.
As the supreme court has stated, whether a case is subject to dismissal for failure to prosecute is determined by a bright-line test. "[T]here is either activity on the face of the record or there is not." Wilson v. Salamon, 923 So.2d 363, 368 (Fla.2005) (quoting Metro. Dade County v. *1050 Hall, 784 So.2d 1087, 1090 (Fla.2001)) (receding from precedent that attempted to characterize the quality of record activity as passive or active and reverting to plain meaning of rule 1.420(e) to promote resolution of cases on the merits and to decrease litigation over rule's meaning). In this case, even a cursory review of the record reveals that there was record activity during the applicable time period. Accordingly, we reverse.
Reversed and remanded for further proceedings.
ALTENBERND and VILLANTI, JJ., Concur.