989 So.2d 21 (2008)
André PAGAN, d/b/a A Skillful Installation, Appellant,
v.
FACILICORP, INC., Appellee.
No. 2D07-1266.
District Court of Appeal of Florida, Second District.
June 18, 2008.
André Pagan, pro se.
No appearance for Appellee.
*22 CASANUEVA, Judge.
André Pagan, d/b/a A Skillful Installation, appeals the dismissal of his lawsuit based on failure to prosecute. See Fla. R. Civ. P. 1.420(e). Because the record in the circuit court established record activity in the relevant time period established by the rule, it was error for the circuit court to dismiss Mr. Pagan's action. We reverse.
Mr. Pagan contracted with the appellee, Facilicorp, Inc., to install modular office furniture in an office building under construction in Tampa, Florida. He claimed that due to construction problems, his portion of the project was delayed, causing him to incur substantial amounts over the agreed-upon contract price. When he was not paid the amounts he claimed were due to him, his counsel filed a complaint against Facilicorp in the Thirteenth Judicial Circuit Court in January 2002. Facilicorp, through counsel, duly answered the complaint, raising various defenses. Before outside events intruded, the case proceeded in the normal, orderly fashion, reaching an impasse before a mediator in April 2002. In September 2002, Mr. Pagan pleaded nolo contendere to a second-degree felony charge resulting from an unrelated matter and was sentenced to fifteen years in prison.
In February 2003, Mr. Pagan's counsel moved to withdraw, citing unsuccessful attempts to contact his client and that his client had not been in contact with him. Counsel was permitted to withdraw in May 2003. Until April 21, 2004, nothing else occurred on the record in this case.
Between April 21, 2004, and October 6, 2005, several documents were filed, the last being a notice of Mr. Pagan's change of address to another correctional institution. One of the documents filed was a pro se motion for which no hearing date was requested or set. The next action occurred on October 13, 2006, when the clerk of the court sent, sua sponte, and in accordance with rule 1.420(e),[1] a notice of intent to dismiss for lack of prosecution. The notice informed Mr. Pagan that the face of the record showed no activity for the preceding ten months by the filing of pleadings, order of court, or otherwise, and that no stay has been issued or approved by the court. The notice further informed Mr. Pagan that if no such record activity occurred within sixty days following the service of this notice, and if no stay is issued or approved during the sixty-day *23 period the action may be dismissed. Within thirty days of the issuance of this notice, Mr. Pagan filed, on November 8, 2006, a motion to stay the proceedings.[2] The circuit court dismissed the action for failure to prosecute on February 19, 2007, despite Mr. Pagan's compliance with the clerk of the court's instructions. This appeal follows.
This court's recent decision in a similar matter controls the disposition of Mr. Pagan's case. In Edwards v. City of St. Petersburg, 961 So.2d 1048 (Fla. 2d DCA 2007), we noted that the purpose of rule 1.420(e) is to provide a bright-line test to determine if "`[t]here is either activity on the face of the record or there is not.'" Id. at 1049 (quoting Wilson v. Salamon, 923 So.2d 363, 368 (Fla.2005)). We reversed the dismissal of Mr. Edwards' action because he had filed, on the forty-fourth day following the Clerk's notice of intent to dismiss, a motion for hearing and for witness attendance. Id.
In Mr. Pagan's case, as in Edwards, even a "cursory review of the record reveals that there was record activity during the applicable time period." Id. at 1050. It was thus error for the circuit court to dismiss the action when Mr. Pagan met the bright-line test for record activity. See Padron v. Alonso, 970 So.2d 399 (Fla. 3d DCA 2007) (holding that because the record revealed at least one filing within sixty days of the notice of intent to dismiss for lack of prosecution, the action should not have been dismissed).
Accordingly, we reverse with instructions to strike the order dismissing Mr. Pagan's case and to reinstitute the action, providing him the opportunity to continue its prosecution.
CANADY and WALLACE, JJ., Concur.
NOTES
[1] Florida Rule of Civil Procedure 1.420(e), which deals with voluntary and involuntary dismissals of actions, was amended in 2005. See In re Amendments to the Fla. Rules of Civil Procedure (Two Year Cycle), 917 So.2d 176, 176-77 (Fla.2005) (establishing January 1, 2006, as the effective date for the amendments). The amended rule, applicable here, provides, in subsection (e):

Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
[2] We note that in this motion, Mr. Pagan complains of a pattern of nonresponsiveness by the court and the defendant. He also requested the clerk of court to forward copies of this motion to the respective parties since no response has been provided to him from them. This is not a proper request, and the Clerk was not remiss in failing to accede to it. See Moore v. Correctional Med. Servs., 817 So.2d 963, 964 (Fla. 1st DCA 2002) ("Like many pro se litigants, Moore misunderstands the nature of the circuit court's duty in a case such as this. In an ordinary civil proceeding not involving an application for relief by extraordinary writ, the burden is on the plaintiff, not the trial judge, to prosecute the action to final disposition.").