925 So.2d 468 (2006)
Elwood J. HUNNEWELL, Jr., et al., Appellant,
v.
PALM BEACH COUNTY, et al., Appellee.
No. 4D04-3278.
District Court of Appeal of Florida, Fourth District.
April 12, 2006.
Elwood J. Hunnewell, Jr., Loxahatchee, pro se, for appellant.
Kellie J. Killebrew, Deland, for appellee.
MAY, J.
The plaintiff appeals an order dismissing his complaint for failure to prosecute, pursuant to Florida Rule of Civil Procedure 1.420(e). He argues, among other issues, that the court erred in dismissing his complaint. We agree and reverse.
The plaintiff owns real property in Palm Beach County, a homestead and agricultural land. The Code Enforcement Board of Palm Beach County has cited the plaintiff for a variety of code violations on both properties over the years, resulting in hundreds of thousands of dollars in liens. The plaintiff filed suit against the County when he was unable to sell the agricultural land once the buyer became aware of the outstanding liens. The amended complaint *469 alleged claims for writs of mandamus, declaratory and injunctive relief, and damages.
The trial court denied the plaintiff's claim for injunctive relief and his motion for reconsideration, the latter order being entered on January 28, 2002. Approximately fifteen months later, the County moved to dismiss the amended complaint for lack of prosecution, pursuant to rule 1.420(e). The plaintiff filed a response the day before the hearing, claiming that pending bankruptcy proceedings had automatically stayed the action. The trial court denied the motion on August 19, 2003.
Approximately six months later, the County filed a second motion to dismiss for lack of prosecution on February 26, 2004. In response to this motion to dismiss, the plaintiff claimed that attempts to mediate made it appear he was not prosecuting the action.
Relying on the pending bankruptcy proceedings and the date of the County's last motion to dismiss, the trial court again denied the motion. However, upon consideration of the County's motion for reconsideration or rehearing, the trial court granted the motion and dismissed the case without prejudice. From this order, the plaintiff filed a motion for rehearing or amendment and a notice of appeal.
Although dismissals for lack of prosecution pursuant to rule 1.420(e) of the Florida Rules of Civil Procedure are without prejudice, and not res judicata, they are final for purposes of appellate review. Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298, 299 n. 3 (Fla. 4th DCA 1981). We review such orders by utilizing the following analysis.
Dismissal is mandatory if it is demonstrated to the court that no action toward prosecution has been taken within a year. The trial judge has no discretion in the enforcement of this aspect of this rule. The abuse of discretion standard is triggered only if the trial court must make a determination of good cause.
Metro. Dade County v. Hall, 784 So.2d 1087, 1090 n. 4 (Fla.2001) (citing Little v. Sullivan, 173 So.2d 135, 136 (Fla.1965)).
Prior to January 1, 2006, rule 1.420(e) provided:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e).[1]
Our supreme court recently reviewed the application of rule 1.420(e) while answering *470 a certified question from the Second District Court of Appeal. Wilson v. Salamon, 923 So.2d 363 (Fla.2005), reh'g denied (Feb. 15, 2006).[2] It appears our supreme court sensed the need for a bright-line test to balance the competing need of litigants to have claims heard on the merits with the court's need to dispose of cases that are not being prosecuted. Id. at 367-368. In doing so, the supreme court stated: "if a review of the face of the record does not reflect any activity in the preceding year, the action shall be dismissed, unless a party shows good cause why the action should remain pending." Id. at 368. However, after Wilson, "trial court orders that are entered and filed to resolve motions that have been properly filed in good faith are to be treated as record activity precluding dismissal under rule 1.420(e) of the Florida Rules of Civil Procedure." Id. at 363-364. This eliminated the need for trial courts to review the last record activity to determine if it was passive or active and designed to hasten the suit to a conclusion.
Thus, the resolution of this case now rests on the date of entry of the trial court's order denying the County's first motion to dismiss, August 19, 2003.[3] Only six months had elapsed from the date of the trial court's order when the County filed its second motion to dismiss. This time period was insufficient to satisfy rule 1.420(e). Since Wilson, this is an order behind which neither the trial court nor this Court need look to determine whether it was active or passive activity. See Wilson, at 363, 368-369.
We therefore reverse the order dismissing the plaintiff's amended complaint and remand the case to the trial court. We find no merit in the other issues raised.
Reversed.
GROSS, J., and IMPERATO, CYNTHIA G., Associate Judge, concur.
NOTES
[1] The newly amended rule, effective January 1, 2006, provides that a motion may be filed when no record activity has occurred after ten months. In re: Amendments to the Fla. R. Civ. P., 917 So.2d 176, 176 (Fla.2005). The plaintiff is then given sixty days in which to conduct record activity. Id. If no record activity occurs during that sixty-day period, "reasonable notice shall be provided to the parties and the action shall be dismissed in the absence of a demonstration of good cause." Id. The Committee Notes explain that the amendment provides a plaintiff with a clear opportunity to avert dismissal by recommencing prosecution of his action. Id. at 182.
[2] We note the trial court did not have the benefit of Wilson when deciding the motion to dismiss.
[3] The irony is that the trial court incorrectly denied the County's first motion to dismiss by misconstruing the federal provision for stays of state court proceedings during bankruptcy proceedings. See 11 U.S.C. § 362(a) (2000); Simpson v. United States, No. 90-30021-RV, 1992 WL 448860 (N.D.Fla.1992); Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3d Cir.1982).