937 So.2d 230 (2006)
William BRIMAGE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2374.
District Court of Appeal of Florida, Third District.
September 1, 2006.
*231 Bennett H. Brummer, Public Defender, and Leslie Scalley, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.
COPE, C.J.
William Brimage appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The question before us is whether defendant-appellant Brimage should be allowed to file a belated Rule 3.850 motion, if he establishes that he was not timely advised of the disposition of his direct appeal. We reverse for further proceedings.
The defendant was convicted of armed robbery in 1990 in Miami-Dade County Circuit Court case number 90-16595 ("the 1990 case"). In January 1991, he was sentenced to life imprisonment. The court also revoked the defendant's probation in Miami-Dade County Circuit Court cases 88-45148 and 89-31657 ("the probation cases") and imposed sentence.
In March 1991, the court adjudicated the defendant to be incompetent. The trial court vacated his sentences in the 1990 case and the probation cases. The court committed the defendant for treatment of mental illness. According to the defendant's 1996 competency evaluation, the defendant is also mildly mentally retarded.
In 1998, after restoration to competency, the defendant was resentenced. The court imposed a term of forty years incarceration in the 1990 case, with concurrent terms of a year and a day in the probation cases. The defendant entered a no contest plea in another pending case, Miami-Dade County Circuit Court case number 90-17346 ("the companion case"), and was sentenced to thirty years concurrent time. The plea agreement provided that the defendant could withdraw the plea of no contest in the companion case if his conviction and sentence in the 1990 case were overturned.
The defendant appealed the 1990 case. This court affirmed without opinion. Brimage v. State, 740 So.2d 546 (Fla. 3d DCA 1999). The assistant public defender filed a motion to withhold the mandate in order to raise a late-discovered issue. The State filed a response in opposition. This court denied the motion and issued the mandate on September 3, 1999.
On June 11, 2002two years and nine months laterthe defendant wrote to the office of the public defender regarding the status of his cases. After researching its closed files, the public defender responded on September 17, 2002. The public defender explained that the appeal had become final with the issuance of the mandate on September 3, 1999. Under the public defender's normal office procedure, the defendant should have been advised of these developments in 1999. The assistant public defender who had been responsible for the case was no longer with the office. The correspondence file of the public defender did not contain any indication that anyone had transmitted this court's decision and mandate to the defendant.
The letter advised the defendant that his postconviction remedies included filing a motion for postconviction relief under *232 Florida Rule of Criminal Procedure 3.850 and a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(c). With regard to Rule 3.850, the letter explained that if the defendant did not receive notice of this court's affirmance of his appeal, then he should argue lack of timely notice as a basis for waiving the two-year time limitation for filing a Rule 3.850 motion.
The public defender's letter also set forth a potential issue under Rule 3.850, which was the possibility that the trial court may have answered a jury question without the presence of counsel. This was the late-discovered issue that the assistant public defender had attempted to raise in this court in the motion to withhold mandate.
In June 2003, the defendant filed a Rule 3.850 motion. The defendant stated that he was never given timely notice of this court's decision of his appeal. He attached the public defender's letter to his motion.
The trial court summarily denied the defendant's motion, and the defendant has appealed. We appointed the public defender to represent the defendant here.
On the issue of timeliness, so far as the present record shows, the defendant's two-year time period for filing a Rule 3.850 motion expired before the defendant was notified that his appeal had become final. The mandate issued on September 3, 1999 and the two-year time period expired on September 3, 2001. The defendant was first notified about the disposition of his appeal in September 2002 and he filed the motion now before us in June 2003.
The Florida Supreme Court has held that in some circumstances, a defendant will be entitled to belatedly file a motion for postconviction relief. The court addressed the issue in the context of a claim that the defendant's attorney had promised to file a Rule 3.850 motion but then allowed the deadline to expire without doing so. Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999). The court said:
We now address the issue regarding the right to belatedly file a motion for postconviction relief. In this Court's decision in State v. Weeks, 166 So.2d 892, 896 (Fla.1964), we made clear that "[postconviction] remedies are subject to the more flexible standards of due process announced in the Fifth Amendment, Constitution of the United States." For example, although a prisoner has no Sixth Amendment right to postconviction counsel, in Weeks and Graham v. State, 372 So.2d 1363 (Fla. 1979), we held that due process required the appointment of postconviction counsel when a prisoner filed a substantially meritorious postconviction motion and a hearing on the motion was potentially so complex that the assistance of counsel was needed.
We agree with the district court below that due process entitles a prisoner to a hearing on a claim that he or she missed the deadline to file a rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner. We hold that, if the prisoner prevails at the hearing, he or she is authorized to belatedly file a rule 3.850 motion challenging his or her conviction or sentence. We also agree with Judge Sharp's concurring opinion that the prisoner's claim under these specific circumstances should be presented to the court in a petition for writ of habeas corpus, which would not be barred under rule 3.850(h) because it would come within the final clause thereof. See Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987) (construing a prisoner's letter to the district court as a habeas petition and finding that the prisoner *233 "might be entitled to file a belated motion for postconviction relief if the actions of her attorney had frustrated her intention to file such a motion in a timely fashion").
. . . Steele is entitled to petition the circuit court for a writ of habeas corpus. Upon receiving the petition, the court will conduct a hearing on whether Kehoe undertook to file a rule 3.850 motion on Steele's behalf, but failed to timely file the motion. If Steele prevails at the hearing, he will have the right to belatedly file a rule 3.850 motion.
747 So.2d at 934.
In Kehoe the claim was that counsel undertook to file a Rule 3.850 motion but allowed the time to expire without doing so. The same logic applies here. Here the claim is that counsel had an obligation to notify the defendant of the disposition of his appeal, but the defendant was not notified until the time for filing a Rule 3.850 motion had expired.
It appears that the Second District has allowed a belated appeal under circumstances like those of the present case. See Miller v. State, 805 So.2d 971 (Fla. 2d DCA 2001) ("Because of the erroneous information provided to Miller concerning the status of his convictions and the resultant confusion, we believe that it is appropriate under these extraordinary circumstances to permit Miller to file a belated rule 3.850 motion."). We conclude that, consistent with Kehoe, the correct procedure is to treat the defendant's present Rule 3.850 motion as a petition for writ of habeas corpus and conduct a hearing thereon. We remand for that purpose.
The State maintains that the doctrine of laches applies here. See Strong v. State, 851 So.2d 758, 761 (Fla. 2d DCA 2003); see also McCray v. State, 699 So.2d 1366 (Fla. 1997). The State argues that the defendant failed to exercise sufficient diligence to determine the status of his direct appeal. Our reversal is without prejudice to the State to raise such defenses as it deems appropriate on remand.
For the stated reasons, we reverse the order now before us and remand with directions for the trial court to treat the defendant's motion as a petition for writ of habeas corpus under Steele v. Kehoe to determine whether the defendant should be granted leave to file a belated Rule 3.850 motion.
Reversed and remanded for further proceedings consistent herewith.