937 So.2d 805 (2006)
Daniel Ray ERICKSON, Appellant,
v.
Tommy Gail BREEDLOVE, et al., Appellee.
No. 5D05-3967.
District Court of Appeal of Florida, Fifth District.
September 15, 2006.
Daniel R. Erickson, Bowling Green, pro se.
John M. Green, Jr., of Green & Bradshaw, P.A., Ocala, and Loren E. Levy, of The Levy Law Firm, Tallahassee, for Appellee.
*806 EVANDER, J.
Appellant, a pro se plaintiff below, filed a rambling thirty-eight page complaint against various government agencies and government employees purporting to allege causes of action for false arrest, negligence, perjury, obstruction of justice, malpractice, invasion of privacy, malicious prosecution, and conspiracy. Plaintiff's purported causes of action appear to be related to his claim that he was wrongly arrested and prosecuted for failure to register as a sexual offender. Not surprisingly, the various defendants filed motions to dismiss the complaint. A hearing was held on the motions on March 31, 2004. Pursuant to an order dated April 23, 2004, the court granted the motions to dismiss, but gave plaintiff twenty days in which to file an amended complaint. Between the date of the hearing and the issuance of the written order, plaintiff filed a motion for reconsideration. Nine of the defendants filed a response to the motion for reconsideration on May 17, 2004. The next record activity in the case occurred over sixteen months later when several of the defendants filed a motion to dismiss for failure to prosecute. After a hearing, the trial court granted the motion to dismiss for failure to prosecute. Our analysis is governed by the application of Florida Rule of Civil Procedure 1.420(e) (2005).[1]
In Wilson v. Salamon, 923 So.2d 363 (Fla.2005), the Florida Supreme Court explained *807 that a determination of whether an action should be dismissed for failure to prosecute under rule 1.420(e) involves a two-part test. The first step is to determine whether any record activity occurred in the past year. If any record activity exists, regardless of whether "passive" or not, the action is not subject to dismissal for lack of prosecution. If there has not been any record activity, the second step is to determine whether the plaintiff has established good cause why the action should remain pending.
In the present case, no record activity occurred for over a year. Therefore, the issue is whether the existence of the motion for reconsideration constituted "good cause" so as to prevent a dismissal for failure to prosecute. We affirm the trial court's decision that plaintiff did not meet his burden of establishing good cause. The record is devoid of any evidence that the trial court was even made aware of the existence of the motion for reconsideration. Trial judges should not be expected to unilaterally review the hundreds of files assigned to them in search of motions which have been filed but have not been set for hearing or otherwise brought to the court's attention. Litigants have an affirmative obligation to move their cases to resolution. See Sewell Masonry Co. v. DCC Const., Inc., 862 So.2d 893, 899 (Fla. 5th DCA 2003), rev. dismissed, 870 So.2d 823 (Fla.2004); Patton v. Kera Technology, Inc., 895 So.2d 1175 (Fla. 5th DCA), rev. granted, 912 So.2d 318 (Fla.2005).
We certify conflict with Dye v. Security Pacific Financial Services, Inc., 828 So.2d 1089 (Fla. 1st DCA 2002).
AFFIRMED; Conflict CERTIFIED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] This rule was amended effective January 1, 2006. Because all of the relevant events at the trial court level occurred prior to the effective date of the amendment, this case is governed by the prior rule. See Cabrera v. Pazos, Larrinaga & Taylor, P.A., 922 So.2d 422, 424 n. 2 (Fla. 2d DCA 2006).