958 So.2d 552 (2007)
John Alan SWAIT, Appellant,
v.
Tracy Lynette SWAIT, Appellee.
No. 4D06-4132.
District Court of Appeal of Florida, Fourth District.
June 13, 2007.
Chester G. McLeod, Pembroke Pines, for appellant.
*553 No appearance for appellee.
SHAHOOD, J.
John Alan Swait ("appellant") filed a supplemental petition for modification of alimony. Tracy Lynette Swait ("appellee") filed an amended motion to dismiss appellant's petition for lack of prosecution pursuant to rule 1.420(e), Florida Rules of Civil Procedure (2006). The trial court granted appellee's motion. We reverse and remand with directions to the court to reinstate appellant's supplemental petition.
"Although dismissals for lack of prosecution pursuant to rule 1.420(e) of the Florida Rules of Civil Procedure are without prejudice, and not res judicata, they are final for purposes of appellate review." Hunnewell v. Palm Beach County, 925 So.2d 468, 469 (Fla. 4th DCA 2006). "The abuse of discretion standard is triggered only if the trial court must make a determination of good cause." Id. (quoting Metro. Dade County v. Hall, 784 So.2d 1087, 1090 n. 4 (Fla.2001)). Here, we review the trial court's construction of a rule of civil procedure using the de novo standard. Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598, 599 (Fla.2006).
Rule 1.420(e), Florida Rules of Civil Procedure (2006), provides:
In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person . . . may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice . . . the action shall be dismissed by the court. . . . Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
The language requiring notice and a sixty-day grace period was added in the 2005 Amendment to the rule. The newly amended rule became effective January 1, 2006. See In re Amendments to The Florida Rules of Civil Procedure, 917 So.2d 176, 177 (Fla.2005). Regarding the 2005 Amendment, the Committee Notes to rule 1.420(e) provide: "Subdivision (e) has been amended to provide that an action may not be dismissed for lack of prosecution without prior notice to the claimant and adequate opportunity for the claimant to re-commence prosecution of the action to avert dismissal." This court recognized in Hunnewell that the amendment sets out a new procedural framework. 925 So.2d at 469 n. 1.
"Under the prior version of the rule, the defending party could file a motion to dismiss without notice if there had been no record activity in the case for one year." Philip J. Padovano, Florida Civil Practice § 12.3 (2007 ed.). Judge Padovano explains the new procedure as follows:

As a prerequisite to filing a motion to dismiss under this rule, the defending party must serve notice on the claimant that there has been no record activity in the case for ten months. The claimant then has sixty days to take some action to advance the progress of the case. If there is no record activity during the sixty-day period following service of the notice, the defending party may then file a motion to dismiss for failure to prosecute.
Id. (emphasis supplied).
The new rule does not change that the minimum period of inactivity required prior to a motion to dismiss for lack of prosecution is one year. However, notice is now a prerequisite to the motion. "[E]ven if *554 the absence of record activity has continued for more than a year, an action cannot be dismissed under the amended rule without the required notice and opportunity to re-commence prosecution." Bruce J. Berman, Florida Civil Procedure ¶ 420.5[3] (2007 ed.).
Appellee's motion to dismiss, the hearing on that motion, and the trial court's order all occurred in 2006, after the effective date of the amended rule. The amended rule applies in the present case. See Erickson v. Breedlove, 937 So.2d 805, 806 n. 1 (Fla. 5th DCA 2006)(applying pre-amendment version of the statute where all relevant events at the trial court level took place prior to effective date of the amendment); Cabrera v. Pazos, Larrinaga & Taylor, P.A., 922 So.2d 422, 424 n. 2 (Fla. 2d DCA 2006)(same).
The last record activity prior to appellee's motion to dismiss for lack of prosecution was appellee's motion for extension of time to file response to pleadings. Eleven months passed. The appropriate action for appellee to take under the rule once ten months had passed was to serve appellant with notice that no action had occurred within a ten-month period. Appellant would then have sixty days to take appropriate action to avert dismissal. Instead, appellee skipped the notice requirement and went directly to filing the motion to dismiss for lack of prosecution. We hold that it was error for the trial court to grant appellee's motion.
Based on the foregoing, we reverse and remand for the trial court to reinstate appellant's supplemental petition for modification of alimony.
Reversed and Remanded.
GROSS and MAY, JJ., concur.