987 So.2d 1271 (2008)
Frank C. FUZZELL, et al., Appellant,
v.
E.I. DuPONT DE NEMOURS & COMPANY, INC., et al., Appellee.
No. 5D07-797.
District Court of Appeal of Florida, Fifth District.
August 15, 2008.
*1272 Patrice A. Talisman, of Hersch & Talisman, P.A., and Ratiner & Lagos, P.A., Miami, for Appellant.
Michael L. Rosen, Daniel F. Molony and David S. Johnson of Shook, Hardy & Bacon, L.L.P., Tampa, for Appellees.
PALMER, C.J.
Frank and Lois Fuzzell, and Fuzzell Wholesale Nursery (collectively "the Fuzzells") appeal the final order entered by the trial court dismissing their complaint for lack of prosecution.[1] Concluding that the trial court applied the wrong version of the rule in dismissing the complaint, we reverse.
This products liability action was filed in 1994. On March 29, 2005, the trial court entered an order staying all discovery until further order of the court and ruling that a case management conference would be conducted after the Fuzzells' anticipated motion to amend their complaint to add a claim for punitive damages was resolved. The following day, the Fuzzells filed said motion, but they did not set the motion for a hearing. On May 26, 2005, the Fuzzells filed a notice of non-availability.
Slightly more than one year later, on June 6, 2006, DuPont filed a motion to dismiss the Fuzzells' complaint for lack of prosecution. DuPont argued that dismissal was warranted under Florida Rule of Civil Procedure 1.420(e) because the last record activity occurred more than a year prior to the filing of the motion to dismiss. On August 7, 2006, the Fuzzells filed a motion to lift the trial court's order staying discovery.
The trial court conducted a non-evidentiary hearing on the pending motion to dismiss and then granted the motion. Importantly, the trial court ruled that the matter was governed by an earlier version *1273 of rule 1.420(e) of the Florida Rules of Civil Procedure even though the motion to dismiss was filed three months after the effective date of the amendment to said rule. The Fuzzells contend that the trial court erred in so ruling. We agree.
Dismissals for failure to prosecute are governed by rule 1.420(e) of the Florida Rules of Civil Procedure. Prior to January 1, 2006, the rule read, in relevant part, as follows:
Rule 1.420. Dismissal of Actions
* * *
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.
Fla. R. Civ. P. 1.420(e).
Rule 1.420(e) was amended in 2005 to provide that an action can not be dismissed for lack of prosecution without prior notice to the plaintiff and an opportunity to prosecute the action. The effective date of the amendment was January 1, 2006. The amended rule reads, in relevant part:
Rule 1.420. Dismissal of Actions
* * *
(e) Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.
Fla. R. Civ. P. 1.420(e).
The controlling issue in this appeal is whether the trial court reversibly erred in applying the pre-amendment version of rule 1.420(e). This issue is a question of law and, therefore, is reviewed de novo. Swait v. Swait, 958 So.2d 552 (Fla. 4th DCA 2007).
All parties agree that we must apply the amended rule prospectively because the rule is a procedural rule and the language of the amendment does not express any intention that the amendment should be applied retroactively. However, the parties disagree as to whether the version of the rule to be applied is the version that was in effect when the last activity in the file occurred or the version that was in effect when the dismissal motion was filed. We hold that the rule to be applied is the one in effect at the time the motion was filed. See Swait.
In Swait the mother filed a motion to dismiss the father's petition for modification of his alimony obligation for lack of *1274 prosecution. The trial court granted the motion; however, on appeal, the Fourth District reversed:
[The mother's] motion to dismiss, the hearing on that motion, and the trial court's order all occurred in 2006, after the effective date of the amended rule. The amended rule applies in the present case. See Erickson v. Breedlove, 937 So.2d 805, 806 n. 1 (Fla. 5th DCA 2006)(applying pre-amendment version of the statute where all relevant events at the trial court level took place prior to effective date of the amendment); Cabrera v. Pazos, Larrinaga & Taylor, P.A., 922 So.2d 422, 424 n. 2 (Fla. 2d DCA 2006)(same).
The last record activity prior to [the mother's] motion to dismiss for lack of prosecution was [the father's] motion for extension of time to file response to pleadings. Eleven months passed. The appropriate action for [the mother] to take under the rule once ten months had passed was to serve [the father] with notice that no action had occurred within a ten-month period. [The father] would then have sixty days to take appropriate action to avert dismissal. Instead, [the mother] skipped the notice requirement and went directly to filing the motion to dismiss for lack of prosecution. We hold that it was error for the trial court to grant [the mother's] motion.
Swait v. Swait, 958 So.2d at 553. See also Pagan v. Facilicorp, Inc., 33 Fla. L. Weekly D1579, ___ So.2d ___, 2008 WL 2435568 (Fla. 2d DCA 2008) (ruling that the amended version of rule 1.420(e) was applicable when the dismissal motion was filed after the effective date of said rule.)
Applying the amended rule 1.420(e) to the facts in this case, the Fuzzells contend that the trial court erred in dismissing their complaint because record activity occurred within sixty days after DuPont filed its dismissal motion. DuPont responds by arguing that the Fuzzells' activity was not timely because the record activity occurred on the Monday following the sixtieth day, which fell on a Saturday. We disagree with DuPont's argument. See Fla. R. Civ. P. 1.090 (providing that, in computing any period of time prescribed or allowed by these rules, when the last day of the period falls on a Saturday, Sunday or legal holiday, the period shall run until the end of the next day which is neither a Saturday, Sunday, or legal holiday).
Accordingly, pursuant to the application of the amended version of rule 1.420(e), DuPont's dismissal motion should have been denied.
REVERSED and REMANDED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] See Fla. R. Civ. P. 1.420(e).