RAMIREZ, C.J.
 

 This is an appeal from an order granting dismissal for lack of prosecution under Florida Rule of Civil Procedure 1.420(e). Because the order was entered by following the requirements of the rule, we affirm.
 

 Rule 1.420(e) provides as follows:
 

 (e) Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
 

 Thus, under the rule, if there is
 
 any
 
 record activity within the ten (10) months immediately preceding the service of such notice, the case should not be dismissed.
 
 See Wilson v. Salamon,
 
 928 So.2d 363 (Fla.2005). It is undisputed that no such record activity took place. The second option to avoid dismissal is to create record activity within the next sixty (60) days immediately following the service of such notice. It is undisputed that no such record activity took place within sixty (60) days of the court serving its Notice of Lack of Prosecution. The third option under the rule to avoid dismissal is to show good cause in writing within five (5) days before the hearing on the motion as to why the action should remain pending. It is undisputed that no such writing was filed nor good cause was shown.
 

 
 *568
 
 Appellant would have us create a fourth way to keep a case from being dismissed, and that is by filing a paper after the sixty (60) days have elapsed. Here, appellant filed a Notice of Readiness for Non-Jury Trial on November 6, 2009, three days before the hearing on the court’s notice, but well after the sixty (60) days contemplated by the rule. We decline to rewrite the rule as suggested by appellant. The trial court properly dismissed the action. The dismissal is of course without prejudice.
 

 Affirmed.