PER CURIAM.
 

 We reverse the circuit court’s August 3, 2009 order dismissing the case for “lack of activity ... pursuant to rule 1.420.” Prior to dismissal, no notice contemplated by Florida Rule of Civil Procedure 1.420(e) had been served.
 
 See, e.g.,
 
 Fla. R. Civ. P. Form 1.989. Judge Padovano explains the mechanics of the rule:
 

 As a prerequisite to filing a motion to dismiss under the rule, the defending party must serve notice on the claimant that there has been no record activity in the case for ten months. The claimant then has sixty days to take some action to advance the progress of the case. If there is no record activity during the sixty-day period following service of the notice, the defending party may then file a motion to dismiss for failure to prosecute.
 

 Philip J. Padovano,
 
 Florida Civil Practice
 
 § 12.3 (2007 ed.)
 
 (quoted in Swait v.
 
 
 *844
 

 Swait,
 
 958 So.2d 552, 553 (Fla. 4th DCA 2007)). This procedure focuses a plaintiff on the need for record activity to avoid dismissal. The June 1, 2009 order setting a June 16 case management hearing does not mention the potential of dismissal under rule 1.420(e). The court’s oral reminder of the absence of record activity at the June 16 hearing did not comply with the requirements of rule 1.420(e). Similarly, the court’s June 17, 2009 order setting an August 3 case management hearing contained no reference to rule 1.420(e) or the potential of dismissal due to the absence of record activity. The court’s August 3 dismissal thus failed to comply with the procedure established by the rule.
 

 Reversed and remanded.
 

 GROSS, C.J., MAY and DAMOORGIAN, JJ., concur.