MAY, J.
The plaintiff appeals a trial court order of April 21, 2009, which denied the plaintiffs motion to vacate a September 29, 2008, final disposition form and to reopen a file. We issued an order to show cause why the appeal should not be dismissed as premature as there is no final order of dismissal entered in this case. We have received a response. We now dismiss the appeal, but with directions to the trial court to reopen the file for case no. CL 99-4139AI.
The procedural history of this case is somewhat confusing, but it appears that the plaintiff filed a complaint alleging breach of an employment contract in 1999. After years of litigation, on September 29, 2008, without notice, the trial court signed a final disposition form. The form stated the following: “THIS COURT DIRECTS THE CLERK TO SHOW THIS FILE AS ‘CLOSED.’ ” The trial court then checked “Other.” The form does not reflect that a copy of the form was sent to the plaintiff.
*147 On January 28, 2009, the plaintiff filed a motion to vacate the September 29th final disposition form. The trial court signed yet another final disposition form on March 3, 2009, again directing the clerk to close the file, and simply checking “Other.” The plaintiff filed his notice of appeal on May 12, 2009, indicating that the appeal was from an order of April 21, 2009, a copy of which was attached to the notice. Curiously, the April 21, 2009, order is not contained within the record on appeal, but does appear to have been signed by the same trial court judge who signed the disposition forms.
Prior to this series of events, the record reflected the following entries:
12/11/07 Notice of Disbarment filed by appellant
3/27/08 Recusal of Judge Barkdull, III
4/2/08 Recusal of Judge Hoy
9/29/08 Order of Final Disposition
Having reviewed the record before us and the plaintiffs brief, it appears that the trial court may have considered the case dormant and simply ordered the closing of the file, a procedure not found in the Florida Rules of Civil Procedure or case law. In doing so, the plaintiffs case fell into a dark void in the courthouse.
Florida Rule of Civil Procedure 1.420(e) articulates the correct process to be utilized by litigants and trial courts when a case has been dormant for too long. When there had been “no activity by filing of pleadings, order of court, or otherwise ... for a period of 10 months, ... the clerk of the court may serve notice to all parties that no such activity has occurred.” Id. If after notice, there continues to be “no record activity,” the court “shall” dismiss the action unless good cause is shown in writing “at least 5 days before the hearing.” Id. “Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.” Id.
The trial court erred in directing the clerk to close the file. Even if the final disposition form could be said to be an order of dismissal, it fails to comply with Rule 1.420(e). First, there was record activity within the year. And second, no notice was given to the plaintiff. There was no basis, let alone authority, for the trial court’s entry of the'final disposition form.
Because there is no final order and no appealable non-final order, we dismiss the appeal. We further direct the clerk to reopen the file and allow the litigation to resume.

Dismissed with directions.

DAMOORGIAN and GERBER, JJ., concur.