GERBER, J.
The plaintiff appeals: (1) the circuit court’s July 17, 2006 “Directions to the Clerk” to close the file because of the lack of record activity; and (2) the circuit court’s October 25, 2010 order granting the defendant’s motion to dismiss for failure to prosecute. The plaintiff argues that the court entered the directions and the order contrary to Florida Rule of Civil Procedure 1.420(e), as amended effective January 1, 2006. In re Amendments to the Florida Rules of Civil Procedure (Two Year Cycle), 917 So.2d 176, 176 (Fla.2005). We agree and reverse both the directions and the order.
Rule 1.420(e), as amended, states:
(e) Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e) (2006); In re Amendments, 917 So.2d at 181-82.
On July 17, 2006, the circuit court, without following the requirements of rule 1.420(e), directed the clerk to close the file because of the lack of record activity for more than one year. The court’s directions stated that the case was “subject to reopening upon appropriate petition.”
On July 28, 2006, the plaintiff filed a motion to reopen the case. However, the plaintiff did not set a hearing on the motion or obtain an order granting the motion. Instead, two more years passed. Then, in 2008, the plaintiff resumed record activity. Record activity continued over the next two years, albeit very infrequently-
*869 On September 10, 2010, the defendant filed a “Motion to Deem Case Closed or, in the Alternative, Motion to Dismiss for Failure to Prosecute.” The defendant based the motion on the large gaps of non-record activity which occurred before 2008. However, the defendant filed the motion: (1) without first serving the notice which rule 1.420(e) requires; and (2) without regard to the fact that record activity occurred in the ten months immediately preceding the filing of its motion. It appears that the defendant’s oversights in filing the motion resulted from its express reliance on the pre-2006 version of rule 1.420(e), which contained neither of those requirements. The pre-2006 version provided:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e) (2005); In re Amendments, 917 So.2d at 181-82.
Despite the defendant’s failure to comply with rule 1.420(e) as amended, the circuit court granted the defendant’s motion to dismiss by order entered October 25, 2010. This appeal followed.
We review the circuit court’s actions for an abuse of discretion. See Johnson v. Maroone Ford LLC, 944 So.2d 1059, 1060 (Fla. 4th DCA 2006) (“The standard of review of a trial court’s dismissal of a cause of action for failure to prosecute is abuse of discretion.”).
We conclude that the circuit court erred in directing the clerk to close the file without following rule 1.420(e)’s requirements. See Arzuman v. Bunin, 59 So.3d 146, 147 (Fla. 4th DCA 2011) (circuit court erred in directing the clerk to close the file where it gave no notice to the plaintiff). As we stated in Arzuman, “it appears that the trial court may have considered the case dormant and simply ordered the closing of the file, a procedure not found in the Florida Rules of Civil Procedure or case law.” Id.
We also conclude that the circuit court erred in granting the defendant’s motion to dismiss. The defendant filed the motion without first serving the notice which rule 1.420(e) plainly requires. See Metcalfe v. Lee, 952 So.2d 624, 627-28 (Fla. 4th DCA 2007) (courts interpret the Florida Rules of Civil Procedure according to their plain and ordinary meaning). To allow a defendant to file a motion to dismiss without first serving the notice would undermine the supreme court’s intent in amending rule 1.420(e). That intent was to provide “notice to a party that the action was at risk of being dismissed for lack of prosecution, and afford[] the party a reasonable time thereafter in which to engage in record activity in order to preclude dismissal.” Chemrock Corp. v. Tampa Elec. Co., 71 So.3d 786, 792 (Fla.2011).
Even if the defendant had served the notice instead of filing the motion to dismiss, the notice still would have been improper because record activity occurred in the ten months which would have immediately preceded the serving of the notice. See Fla. R. Civ. P. 1.420(e) (2006) (motion to dismiss for failure to prosecute may be served only “[i]f no ... record activity has occurred within the 10 months immediate *870 ly preceding the service of such notice ”) (emphasis added); A-1 Presto Roofing Corp. v. Espinosa, 51 So.3d 566, 567 (Fla. 3d DCA 2010) (“[U]nder the rule, if there is any record activity within the ten (10) months immediately preceding the service of such notice, the case should not be dismissed.”).
The defendant contends that, despite these errors, we should affirm the circuit court’s dismissal of this action under the “right for the wrong reason” doctrine. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record”). Specifically, the defendant argues: (1) the plaintiff resumed record activity in 2008 without first obtaining an order granting its motion to reopen the case; and (2) the plaintiff engaged in improper actions and violated court orders during the pendency of the case.
Both arguments are without merit. On the first argument, as stated above, the circuit court was without authority to direct the clerk to close the file without following rule 1.420(e)’s requirements. Thus, the court’s directions were a nullity. See Abram v. Wolicki, 864 So.2d 18, 21 (Fla. 4th DCA 2003) (where the trial court entered an order not authorized by the Florida Rules of Civil Procedure, the order was a nullity).
On the second argument, the circuit court did not make any factual findings as to the improper actions and violations alleged in the defendant’s motion. Thus, we cannot apply the “right for the wrong reason” doctrine at this stage. See Bueno v. Workman, 20 So.3d 993, 998 (Fla. 4th DCA 2009) (an appellate court cannot employ the “right for the wrong reason” doctrine where the circuit court has not made necessary factual findings on an issue).
Based on the foregoing, we reverse: (1) the circuit court’s July 17, 2006 “Directions to the Clerk”; and (2) the circuit court’s October 25, 2010 order granting the defendant’s motion to dismiss for failure to prosecute. We remand this case for further proceedings.

Reversed and, remanded for further proceedings.

CIKLIN and CONNER, JJ., concur.