SUAREZ, J.
Jermaine Robeson appeals from the trial court’s summary denial of his petition filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
Robeson was convicted after jury trial of attempted second degree murder. SAPD Reiser represented Robeson in the direct appeal, and this Court per curiam affirmed. After the mandate issued on July 23, 2008, SAPD Reiser sent a letter to Robeson at the Dade County Jail informing him of the decision and suggesting certain post-conviction options, as well as the time limit for those petitions. Robeson had, however, been transferred to the State prison three days before that letter arrived, and the mail was not forwarded to him. Over two years later, one of Robeson’s fellow inmates discovered the Third District Court of Appeal’s 2008 opinion affirming Robeson’s conviction and sentence. Robeson then inquired about the status of his appeal with the Court.
In April of 2011, Robeson filed a petition for writ of habeas corpus for belated appeal to authorize a rule 3.850 motion for *285 post-eonviction relief, alleging ineffective assistance of appellate counsel. This Court treated Robeson’s request for belated appeal as a belated petition for habeas corpus alleging ineffective assistance of appellate counsel, and transferred the petition to the trial court for review. Robeson v. State, 75 So.3d 1269 (Fla. 3d DCA 2011) (citing to Brimage v. State, 937 So.2d 230 (Fla. 3d DCA 2006)). The trial court denied the defendant’s motion without an evidentiary hearing, basing its denial on Robeson’s failure to demonstrate that he could not have, with due diligence, discovered within the Rule’s two year time limit that his conviction and sentence had been affirmed in August, 2008.
Robeson asserts that he is entitled to an evidentiary hearing on his petition, and we agree. Robeson’s petition is facially sufficient in alleging that, because of circumstances beyond his control, he did not receive his attorney’s post-conviction correspondence or notice of the affirmed appeal and should be given leave to file a belated post-conviction petition. Robeson’s assertion is not contradicted by the record at this point, and the trial court should have conducted an evidentiary hearing on the allegation that Robeson had not received notice of the outcome of his direct appeal, and whether Robeson failed to exercise due diligence to ascertain this information within two years from the issued mandate.[1] By failing to hold an evidentiary hearing on a facially sufficient petition, the State was not allowed to raise a defense of failure to exercise due diligence, nor was Robeson allowed to present evidence of his diligence. See Brimage, 937 So.2d at 230.
We reverse the summary denial and remand the matter to the trial court with instructions that the trial court hold an evidentiary hearing on Robeson’s claim that his appellate lawyer failed to advise him of the outcome of his appeal and whether Robeson could not have ascertained this information with the exercise of due diligence within the statutory two-year time limit. Should the trial court find Robeson’s claims supported and credible, the court shall permit Robeson to file a belated rule 3.850 motion. See Latson v. State, 963 So.2d 983 (Fla. 4th DCA 2007); Brimage, 937 So.2d at 230.
Reversed and remanded for an eviden-tiary hearing.

. SAPD Reiser does not contradict Robeson's assertion that he did not receive any notice; the record before us contains a copy of the letter he sent to Robeson at the Dade County Jail, dated July, 2008, explaining the possibility of filing a 3.850 and explaining the time limitation. Furthermore, Robeson claims that his family called the SAPD's office within the two-year post-conviction time window in order to enquire as to the status of Robeson's appeal and was told that the decision was still pending.