PER CURIAM.
Jason Downs appeals the denial of his petition for writ of habeas corpus, wherein he sought permission to file a belated motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850(b)(3).[1] He argues the trial court erred when it summarily denied his motion as untimely. We agree and reverse.
In 2001, Downs was convicted of two sex offenses. On appeal, this Court affirmed his judgment and sentence. Downs v. State, 823 So.2d 789 (Fla. 5th DCA 2002). The mandate issued on August 12, 2002, which gave Downs until August 12, 2004, to file a timely rule 3.850 motion.
Eleven years later, on March 13, 2013, Downs filed a petition for writ of habeas corpus requesting the trial court to allow him to file a belated motion for postconviction relief on the basis that appellate counsel agreed to file a postconviction motion, but failed to do so. The trial court denied the petition finding:
Rule 3.850(b)(3) provides for an additional exception to the two year time limit where “the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.” However, the rule goes on to state that, “[a] claim based on this exception shall not be filed more than 2 years after the expiration of the time for filing a motion for postconviction relief.” The time for filing a motion for postcon-viction relief expired on August 12, 2004. Therefore, the time for filing a 3.850 motion under this exception expired on August 12, 2006. The Defendant’s motion is untimely.
The two-year time limit was added to the exception effective July 1, 2011. Prior to that date, a claim based on the exception found in rule 3.850(b)(3) could be raised at any time. Thus, had Downs filed his petition on June 30, 2011, he would have been provided a hearing. However, because his petition was not filed until 2013, the judge denied it as untimely.[2]
Unless specifically provided otherwise, rules of procedure are to be applied pro *522 spectively. See Pearlstein v. King, 610 So.2d 445, 446 (Fla.1992). Prospective application of a rule to pending cases, where the rule is amended to provide specific time frames, would require the new time frames to run from the effective date of the rule. Id. Here, giving prospective effect to rule 3.850(b)(3), as amended, would provide two years from the effective date of the rule, i.e., two years from July 1, 2011, to file a petition for writ of habeas corpus alleging counsel failed to timely file a motion for postconviction relief.
Because Downs’ petition was filed prior to July 1, 2013, it was timely. Accordingly, he was entitled to a hearing on his claim. See Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999). The order denying the petition is, therefore, reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion. Our reversal, however, is without prejudice to the State to raise the claim of laches. See McCray v. State, 699 So.2d 1366 (Fla.1997); Brimage v. State, 937 So.2d 230, 233 (Fla. 3d DCA 2006); Hayes v. State, 896 So.2d 974 (Fla. 5th DCA 2005).
REVERSED AND REMANDED.
TORPY, C.J., SAWAYA and BERGER, JJ., concur.

. Rule 3.850(b)(3), which went into effect on July 1, 2011, provides in pertinent part:
Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that
[[Image here]]
3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion. A claim based on this exception shall not be filed more than 2 years after the expiration of the time for filing a motion for postconviction relief.

. The trial judge correctly applied the rule in effect at the time Downs filed his petition. See Fuzzell v. E.I. DuPont de Nemours & Co., 987 So.2d 1271 (Fla. 5th DCA 2008).