DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HSBC BANK USA, N.A.,**
Appellant,

v.

**GORDON COCHRANE,**
Appellee.

No. 4D15-1530

[December 9, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 2011CA 010489MB.

Robert J. Lindeman of Marcadis Singer, P.A., Tampa, for appellant.

Rod Coleman, Boca Raton, for appellee.

**CONFESSION OF ERROR**

PER CURIAM.

HSBC Bank USA, N.A. ("appellant") brought an action against Gordon Cochrane ("appellee") alleging that appellee defaulted under a home equity line agreement. Even though appellant filed a motion for mediation on February 11, 2015, the trial court issued a notice of lack of prosecution sixteen days later on February 27, 2015, which also included the court's motion to dismiss and an order setting hearing.

Under Florida Rule of Civil Procedure 1.420(e), the trial court's notice and subsequent order of dismissal for lack of prosecution were improper. The plain language of the rule states that there must be no record activity in the ten months preceding the notice. Fla. R. Civ. P. 1.420(e); *see also DRD Marine Corp. v. Byrd Techs., Inc.*, 77 So. 3d 867, 868-69 (Fla. 4th DCA 2012). The rule also requires that if any interested person, the court, or the clerk of the court serves notice on a party that there has been no record activity for ten months, a sixty-day grace period must then be provided for the party to take some action on the record before the case can be

dismissed for failure to prosecute. Fla. R. Civ. P. 1.420(e). Specifically, the rule states:

> If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

*Id.*

Here, appellant filed a motion to mediate, which constituted record activity, within the ten-month period immediately prior to the trial court's notice of lack of prosecution. Thus, both the notice of lack of prosecution and the order of dismissal were improperly issued. Based upon our independent review of the record and appellee's commendable and proper confession of error, we reverse the trial court's order and remand with directions to vacate the order of dismissal.

*Reversed and Remanded with instructions.*

LEVINE, FORST and KLINGENSMITH, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2