# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1821
Lower Tribunal No. 10-674-K
_____

**John McGrath,**
Appellant,

vs.

**Robert Martin, Jr., et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

The Corona Law Firm, P.A., and Ricardo M. Corona, for appellant.

Johnson Law Group, and Jeffrey W. Johnson and Michael E. Wargo (Boca Raton), for appellees.

Before SUAREZ, LOGUE, and LUCK, JJ.

LOGUE, J.

John McGrath appeals an order dismissing his case for lack of prosecution under Florida Rules of Civil Procedure 1.420(e). McGrath sued Martin for personal injuries stemming from an accident. On March 5, 2015, Martin filed a notice of lack of prosecution asserting that no record activity had occurred in the prior ten months. The record, however, reflected activity had in fact occurred within the prior ten months, namely, plaintiff's co-counsel's motion to withdraw filed on October 17, 2014, and the trial court's order granting the motion to withdraw on November 17, 2014.

Nevertheless, the trial court dismissed the case on June 8, 2015. McGrath filed a timely motion for rehearing under Florida Rule of Civil Procedure 1.530 pointing out the legal error. Martin responded by arguing that Rule 1.530 did not apply to dismissals for lack of prosecution. The trial court agreed stating that "the 1.530 analysis doesn't apply because this was not a non-jury trial, nor was it a summary judgment." It denied the motion for rehearing.

On appeal, Martin continues to argue that Rule 1.530 does not apply to dismissals for lack of prosecution. We reject this argument. See, e.g., Renovaship, Inc. v. Quatremain, 208 So. 3d 280, 284 (Fla. 3d DCA 2016) ("In the instant case, the order dismissing the action for lack of prosecution contained no reservation of jurisdiction, and the order became final when no motion for rehearing was served within the fifteen-day period following the order of dismissal. See Fla. R. Civ. P.

2

1.530(b)."); <u>Beverly Enters.-Fla., Inc. v. Lane</u>, 855 So. 2d 1172 (Fla. 5th DCA 2003) (recognizing the trial court could rehear an order which was "dismissed without prejudice for failure to prosecute"); <u>Cape Royal Realty, Inc. v. Kroll</u>, 804 So. 2d 605, 606 (Fla. 5th DCA 2002) (recognizing the trial court could use Rule 1.530 to rehear a "final order dismissing [plaintiff's] case for failure to prosecute"). <u>See generally</u>, <u>De La Osa v. Wells Fargo Bank, N.A.</u>, 208 So. 3d 259, 261 (Fla. 3d DCA 2016). We note neither party cited these cases to the trial court.

Reversed and remanded for further proceedings consistent with this opinion.

SUAREZ, J., concurs.

LUCK, J., concurs in result only.

3

LUCK, J., concurring in the result.

I agree with the conclusion reached by the majority opinion but I would get there in a different way. I would reverse the trial court's Rule 1.420(e) order of dismissal for lack of prosecution because there was record activity within the ten months preceding the notice of inactivity. See Bay Park Towers Condo. Ass'n, Inc. v. Triple M. Roofing Corp., 55 So. 3d 591, 592 (Fla. 3d DCA 2010) (reversing Rule 1.420(e) lack of prosecution dismissal because "in the ten-month period that preceded the service date of the lack of prosecution notice, there were five docket entries which provided five reasons why the notice of no activity was a nullity"); see also HSBC Bank USA, N.A. v. Cochrane, 180 So. 3d 1163, 1164 (Fla. 4th DCA 2015) (reversing Rule 1.420(e) dismissal because "appellant filed a motion to mediate, which constituted record activity, within the ten-month period immediately prior to the trial court's notice of lack of prosecution"). Because the trial court incorrectly found no record activity within ten months of the notice, and reversal of the dismissal order is appropriate for this reason, I wouldn't reach the issue of whether rehearing of the same order should have been granted under Rule 1.530.