DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LIFETIME GUARANTEE ADMINISTRATORS, LLC** and **JOSEPH REGAN,**
Appellants,

v.

**MITCHELL KAMINSKEY, MEGAN BROWN,** and **PERFORMANCE INSURANCE GROUP, INC.,** et al.,
Appellees.

No. 4D18-3679

[August 14, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. CACE 15-017984 (03).

Elaine D. Walter and Yvette R. Lavelle of Boyd Richards Parker & Colonnelli, PL, Miami, and John Richards of Boyd Richards Parker & Colonnelli, PL, Fort Lauderdale, for appellants.

James William Beagle of James Beagle, P.A., Fort Lauderdale, for appellees Megan Brown and Performance Insurance Group, Inc.

**CONFESSION OF ERROR**

PER CURIAM.

Lifetime Guarantee Administrators, LLC and Joseph Regan ("appellants") sued Mitchell Kaminskey, Megan Brown, Performance Insurance Group ("Performance") and others alleging they committed fraud, breached fiduciary duties, converted funds, and intentionally interfered with an advantageous business relationship. The trial court severed the claims against Brown and Performance from those brought against all other defendants. Subsequently, Brown and Performance moved to dismiss the case for lack of prosecution; however, appellants were never given the required notice that there was no record activity. Appellants filed a response to the motion to dismiss, but the trial court granted the motion and issued an order of dismissal.

Under Florida Rule of Civil Procedure 1.420(e), if there is no record activity for a period of ten months, an interested person, the court, or the clerk of the court may serve notice to the parties. *See* Fla. R. Civ. P. 1.420(e). If there is no record activity within sixty days immediately following this notice, then the action shall be dismissed. *See id.*; *accord Swait v. Swait*, 958 So. 2d 552, 554 (Fla. 4th DCA 2007).

Here, the trial court erred in entering an order of dismissal because the appellants were not given the required notice. Rule 1.420(e) requires serving notice to give the party a "reasonable time thereafter in which to engage in record activity in order to preclude dismissal." *Chemrock Corp. v. Tampa Elec. Co.,* 71 So. 3d 786, 792 (Fla. 2011); *accord DRD Marine Crop. v. Bryd Techs., Inc.*, 77 So. 3d 867, 869 (Fla. 4th DCA 2012); *see also Swait*, 958 So. 2d at 553-54 ("[E]ven if the absence of record activity has continued for more than a year, an action cannot be dismissed under the amended rule without the required notice and opportunity to re-commence prosecution."). Based upon our independent review of the record and Brown and Performance's proper confession of error, we reverse the trial court's order and remand with directions to vacate the order of dismissal.

*Reversed and remanded with instructions.*

MAY, CIKLIN and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2